SMITH v. JACKSON & BATTLE CREEK TRACTION CO.

1. HIGHWAYS—STREET RAILWAYS—ADDITIONAL SERVITUDE.

The use of the highways by street-railway companies is a legitimate use of the highways, and does not create an additional servitude.

2. STATE AND TERRITORIAL ROADS — LEGISLATIVE CONTROL — STREET RAILWAYS.

The legislature has control over State and Territorial roads, and may authorize the construction of street railways over them.

3. SAME—TOWNSHIP BOARDS—HIGHWAY COMMISSIONERS.

The provisions of 2 Comp. Laws, § 6446, authorizing the construction of street railways over the streets and highways of any township upon such terms and conditions as may be agreed upon by the company and the township board, are broad enough to include State and Territorial roads, and it is unnecessary to obtain the consent of the highway commissioner to the construction of a street railway over such roads.

Appeal from Calhoun; Hopkins, J.   Submitted April 8, 1904.   (Docket No. 193.)   Decided June 25, 1904.

Bill by David A. Smith, highway commissioner of Marengo township, against the Jackson & Battle Creek Traction Company, to enjoin the maintenance of an electric railway.   From an order sustaining a demurrer to the bill, complainant appeals.   Affirmed.

The following are the allegations and prayer of the bill filed in this case:

1. That complainant is the present highway commissioner, and has been highway commissioner since April 14, 1902, and that he has custody, charge, and control of all State and Territorial roads running through the township.

2. That the defendant is a Michigan corporation (not stating under what particular law it is incorporated).

3. That on July 18, 1901, the township board granted a franchise to William A. Foote, his associates, assigns, etc. The proceedings of that board are set up, and show that all the members of the board were present, and that the resolution granting the permission was unanimously adopted. The permission is set up at length, and grants the right to construct and operate a street railway in and through such of the highways and public places of the township of Marengo as may be necessary in building a certain line. Section 2 of the original ordinance provides that, where the track was laid in the highway, it should be laid as near as possible to the outside line of the highway. It also provides that the construction of the railway shall be under the supervision of the highway commissioner. Section 4 provides for the use of electric

power.   Section 5 provides that cars shall be stopped at all convenient points.

4. Section 1 of the grant of permission was afterwards, and on October 3, 1901, at a meeting of the township board, at which all the members of the board were present, and by a vote of a majority of the board, amended so as to provide that, commencing at a point in the east limits of the city of Marshall, the road should run along the center of State street, or the Territorial Road, across the west part of section 30, to the point where the Duck Lake Road intersects.   By the amendment the grantee was also permitted to build the railway on a private right of way adjacent to the road, and for that purpose to cross any intersecting highways.

5. That the grantee and his associates proceeded to organize themselves into a corporation under the style of the Calhoun County Railway Company, and use the powers, privileges, and authority granted by the township board.

6. That they graded and constructed their roadbed along the route as set forth in the amended franchise.

7. That the franchise. granted by the township board purports to grant authority to construct and operate a street railway in and along the center of the Territorial Road from the east limits of Marshall across the west part of section 30, and then along the north side of the road to the east line of the township.

8. That the Territorial Road mentioned was laid out and established by the Territory of Michigan. previous to her admission as a State.

9. That no application was ever made to complainant or to the board of supervisors of Calhoun county for permission to build the road over the route specified, nor was any such permission granted by complainant or by the board of supervisors.

10. That, under the laws of Michigan, the town board of the township of Marengo has no jurisdiction of State and Territorial roads, and that the grant of a franchise to construct, etc., a street railway in the highway known as the "Territorial Road" was without authority, and a mere nullity, and conferred no right on the grantee; that the township board was usurping the jurisdiction and authority vested in the highway commissioner.

11. That the electric railway, as constructed along the center of the Territorial Road across the west part of sec-

tion 30, has rendered the highway dangerous and unsafe for travel; that the road is only of the width of —— feet, and is one of the principal thoroughfares leading into the city of Marshall; and that the railway, running through the center of the highway without any rights therein, is a great menace to the safety of the residents of the township of Marengo and others, and damages complainant, as highway commissioner, to the amount of $1,000.

12. That the complainant has requested said Foote and said Calhoun County Railway Company to abandon the franchise granted by the town board, and to make application to the proper authorities for the granting of such franchise, and has furnished them, through his solicitors, a law brief on the validity of the franchise.

13. Shows a conveyance of the rights of the Calhoun County Railway Company to the defendant in this suit.

14. That, unless restrained, the defendant will continue to run and operate its railroad in and along the Territorial Road, and the same will be a continuous nuisance to complainant as highway commissioner, and will cause continuous and irreparable injury.

The prayer for relief is that the franchise granted by the township board may be set aside and declared null and void, and delivered up to the court to be canceled; that the defendant be perpetually enjoined from maintaining any electric or other railway in, upon, through, or across any part of the Territorial Road within the township of Marengo.

To this bill the defendant demurred for the following reasons:

1. That it does not appear that the said defendant and the said Calhoun County Railway Company are or were not corporations organized under chapter 168 of the Compiled Laws of 1897.

2. That it does not appear that the consent and authority of the highway commissioner of the township of Marengo for the construction and maintenance of the railway mentioned in said bill of complaint has not been expressly granted and conferred on said William A. Foote and on the Calhoun County Railway Company, in said bill mentioned.

3. That it appears by the said bill of complaint that due

power and authority has been granted to the said William A. Foote, the Calhoun County Railway Company, and the defendant herein for the construction, maintenance, and operation of the railway mentioned in said bill of complaint.

4. That it does not appear how or in what manner the construction of said railway has rendered the highway dangerous and unsafe for travel, or how or in what manner the said complainant or the residents of Marengo have been damaged to the amount of $1,000, or in any amount.

5. That the said bill of complaint does not set forth such facts and circumstances as entitle the complainant to the relief prayed for in said bill of complaint.

6. That the said bill of complaint does not set forth any such facts and circumstances as entitle the said complainant, in his capacity as highway commissioner or otherwise, to any relief in this court.

The court sustained the demurrer.

*Hatch & Page*, for complainant.

*Mechem & Bailey*, for defendant.

GRANT, J. (*after stating the facts*). While the bill does not allege the act under which the defendant was organized, we must assume that it was organized under chapter 168 of the Compiled Laws of 1897, being an act to provide for the formation of street-railway companies. That act provides that any company may construct and maintain a street railway in and along the streets and highways of any township upon such terms and conditions as may be agreed upon by the company and the township board. 2 Comp. Laws, § 6446. Under this authority of the legislature, the township board and the company agreed upon terms, a franchise was granted, the road constructed and in operation when this bill was filed. The bill does not set up any facts tending to establish the construction and use of the road along the highway in question as a nuisance in fact. The use of public highways by street-railway companies is now recognized as a legitimate use of the highways, and does not create an ad-

ditional servitude. *Austin* v. *Railway*, 134 Mich. 149 (96 N. W. 35), and authorities there cited. There is no claim in the bill or in the briefs of counsel that the defendant's railway is constructed in any other than a legitimate and proper manner, or that it obstructs travel upon the highway, or that it is not beneficial to the public in affording commodious and expeditious means of travel. The sole claim of the complainant is that, because the defendant did not procure the consent of the highway commissioner of the township, therefore the existence of the road is a nuisance *per se.*

The franchises granted to the defendant evidently provided for the construction of its road along this short piece of the Territorial highway within the township limits. There is no allegation that additional expense is caused to the township or to the highway commissioner, in the care and control of the highway, on account of the construction and use of the street railway. The bill alleges that it was to be constructed under the supervision of the highway commissioner. It is to be presumed that the highway commissioner did his duty, and supervised the construction of the road in accordance with the terms of the franchise. Now, after the road has been so constructed under the supervision of the commissioner, and at very great expense, he seeks to virtually destroy it, and that, too, without showing that the public is in any way injured or the way obstructed. Such a proceeding would be most inequitable and unjust. We deem it unnecessary to enter into a discussion of the powers of the highway commissioner and of the board of supervisors over these Territorial roads. Neither is it necessary to determine whether the complainant is now estopped to complain by reason of the assent of his predecessor in office. It is sufficient to a determination of the case to say that the legislature has control over the State and Territorial roads, and may authorize the construction of street railways over them. It has so authorized the construction of these railways along the highways of the

townships upon such terms and conditions as the township and the company may agree upon. We think the authority thus conferred is broad enough to include the State and Territorial roads within the territory of the township, and for whose condition the township is responsible. The highway commissioner has nothing whatever to do with the granting of these franchises. No power in connection therewith is imposed upon him by statute. His sole power is to see that the roads are opened and kept in repair in the same manner as township roads. 2 Comp. Laws, § 4067. If the highway is obstructed to the detriment of the traveling public, he undoubtedly is the proper person to complain, and to take steps to remove or prevent the obstruction. Beyond this power, he has none other.

Decree of the court below is affirmed, with costs.

The other Justices concurred.